**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 54238-2-II |
| NICHOLAUS MCDONALD, | |
| Petitioner. | UNPUBLISHED OPINION |

CRUSER, J. — Nicholaus McDonald seeks relief from personal restraint imposed as a result of his 1996 convictions for two counts of second degree murder.[1] The trial court sentenced him to consecutive sentences totaling 778 months of confinement. Because he committed his crimes when he was 17 years old, he is entitled under RCW 9.94A.730, the so-called *Miller* fix statute, to petition for early release after serving at least 20 years of confinement. He petitioned for release in 2018. The Indeterminate Sentence Review Board (ISRB) had McDonald undergo a psychological evaluation by Dr. Robtoy in November 2018. Dr. Robtoy concluded that McDonald: (1) continued to violate institutional rules; (2) lacked control of or insight into his substance abuse while confined; (3) was not motivated to participate in treatment or rehabilitative services; and (4) had a high risk of reoffending because of psychopathy indicators and his long-standing and unaddressed substance abuse.

The ISRB held a hearing on McDonald's petition for early release in July 2019, at which McDonald was present. A Department of Corrections counselor testified about McDonald's behaviors while committed, both good (finishing an AA degree, completing

---

[1] Because this petition does not challenge McDonald's judgment and sentence, it is not subject to the one year time bar in RCW 10.73.090(1).

several offender change programs and having a good prison job) and bad (seventeen major infractions, mostly for substance abuse). The ISRB considered Dr. Robtoy's evaluation and McDonald's Corrections file. In August 2019, the ISRB found McDonald non-releasable for the following reasons: (1) McDonald's limited insight into his risk factors for reoffending, given his minimization of his role in his crimes and his lack of interest in addressing his substance abuse issues; (2) McDonald's display of high risk behaviors regarding his substance abuse; (3) Dr. Robtoy's conclusion that McDonald was at high risk of reoffending; and (4) McDonald lacked a release plan addressing housing, employment and community support in his intended release to Eastern Washington, which is not where he is from.

McDonald argues that he was denied substantive due process in (1) Dr. Robtoy's evaluation and (2) the ISRB's hearing and decision finding him non-releasable. The ISRB can deny a petition for early release if it finds by a preponderance of the evidence that the offender is likely to engage in new criminal behavior if released. RCW 9.94A.730(3). In reviewing the ISRB's decision, we are not a "super" ISRB. *In re Pers. Restraint of Whitesel*, 111 Wn.2d 621, 628, 763 P.2d 199 (1988). We review the ISRB's decision only for an abuse of discretion. *In re Pers. Restraint of Dyer*, 175 Wn.2d 186, 196, 283 P.3d 1103 (2012).

As to Dr. Robtoy's evaluation, McDonald claims that inaccuracies in her report as to prior psychological evaluations, a violent infraction in Arizona, and McDonald's need for a liver transplant, violate his right to due process. He also argues that Dr. Robtoy's use of predictive assessment tools violate his right to due process because they are subjective. But assuming his claims of discrepancies in Dr. Robtoy's report are true, they do not appear

to have affected her conclusions or to rise to the level of a violation of due process. And Dr. Robtoy's use of subjective assessment tools as part of her evaluation do not violate McDonald's right to due process.

As to the ISRB hearing, McDonald argues that the ISRB's failure to obtain his complete Corrections file violated his right to due process and constituted burden shifting. As to the ISRB's decision, McDonald argues that it contains inaccuracies as to the accomplice liability for the crimes he committed, as to his having been given a life sentence rather than a de facto life sentence. He also argues the ISRB violated his right to due process in basing its non-releasability conclusion on his lack of a detailed release plan because, under Department of Corrections' policy, a release plan is not required until after a conclusion of releasability is made. But even if the ISRB should not have addressed his release plan in concluding McDonald was not releasable, he does not show that the ISRB abused its discretion in basing its conclusion on the other three grounds: his limited insight into his risk factors for reoffending, his display of high risk behaviors regarding his substance abuse and his high risk of reoffending. He does not show that any inaccuracies in the ISRB decision affected its conclusions or violated his right to due process. And he does not show that there was any additional information that the ISRB was required to have considered or that he was subjected to burden shifting.

McDonald does not show any grounds for relief from personal restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.

We concur:

Worswick, J.

Lee, C.J.

4